UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

UNITED STATES OF AMERICA,

    v.

KARL ALEX SWOVELAND,

        Defendant.

CRIMINAL NO. 2:18-CR-00072

## OPINION AND ORDER

This matter comes before the court on Defendant's pro se Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release). ECF No. 42 ("Motion for Compassionate Release" or "Motion"). For the reasons explained in this Opinion and Order, Defendant's Motion is **DENIED**.

### I. INTRODUCTION

#### A. Background

Between May 16, 2017, and January 3, 2018, a Virginia Beach Police Department ("VBPD") detective and Homeland Security Investigations ("HSI") Task Force officer were monitoring the BitTorrent Peer to Peer file sharing network when they identified three (3) IP addresses distributing child sexual abuse material ("CSAM") on the internet. ECF No. 23 ¶ 1 (Statement of Facts). On over twenty five (25) different days during this period, HSI was able to access a computer using these IP addresses and was able to

download over three hundred (300) complete CSAM files. Id. HSI issued summons to Cox Communications, the internet service provider for the IP addresses, which tied the IP addresses to a Virginia Beach, Virginia residence inhabited by Defendant. Id. ¶ 3. On March 23, 2018, HSI applied for and obtained a valid search warrant from the United States District Court for the Eastern District of Virginia for Defendant's residence. Id. ¶ 5. On March 29, 2017, HSI, VBPD, and the Federal Bureau of Investigation executed the search warrant at Defendant's residence. Id. ¶ 6. That search yielded a desktop computer located in Defendant's bedroom, which Defendant's family indicated was primarily used by Defendant. Id. ¶¶ 7, 8. That computer was found to contain multiple Peer to Peer programs, as well as torrent files with titles indicative of CSAM. Id. ¶¶ 7, 10. One such digital file, titled "!!! NEW !!! (Pthc) LPVD 4yo cocked.mpg," depicted an adult male and a prepubescent female engaging in sexual intercourse. Id. ¶¶ 12-13.

Further forensic analysis of the computer and the three hundred (300) plus CSAM files recovered by HSI revealed that they included seventy-six (76) CSAM videos. ECF No. 38 ¶ 12 (Presentence Investigation Report, hereinafter "PSR").[1] These CSAM files

---

[1] Applying United States Sentencing Guidelines ("USSG") § 2G2.2(b)(7)(D), Defendant was attributed five thousand seven hundred and seventy-five (5,775) images of CSAM at sentencing. See ECF No. 38 ¶¶ 12, 14, 28.

2

depicted prepubescent males and females engaged in sexually explicit conduct with adult males and females, with some images and videos depicting bondage and the sexual abuse of a toddler. Id. ¶ 13. Additionally, forensic analysis of Defendant's computer yielded extensive evidence of the use of BitTorrent clients to receive and share CSAM, as well as anti-forensic computer software used to erase evidence of internet activity. Id. ¶ 14.

On May 9, 2018, an Indictment was returned against Defendant charging him with two (2) counts of receipt of a visual depiction of a minor engaging in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(2) and one (1) count of possession of a visual depiction of a minor engaging in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(4)(B). ECF No. 14. On July 6, 2018, Defendant pleaded guilty to one (1) count of receipt of a visual depiction of a minor engaging in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(2). ECF No. 22 (Plea Agreement). The court adjudged Defendant guilty on this count, dismissed the remaining counts in the Indictment, and sentenced Defendant to a term of imprisonment lasting one hundred and twenty (120) months. ECF No. 36 (Judgment). Defendant did not appeal.

### B. Motion for Compassionate Release

Defendant filed the instant Motion on August 18, 2025, seeking a reduction of his sentence to time served pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 42 at 17. Defendant claims that his

medical conditions present extraordinary and compelling reasons for his release, and that his release would not pose "a threat to the community" or "diminish[] the severity of the crime." Id.

Defendant's Motion is accompanied by various documents. These include: (1) a Proposed Release Plan prepared by Defendant and dated August 6, 2025, id. at 8-12; (2) a Medical Records and Additional Medical Information Form, which is not accompanied by any medical records, id. at 13-14; (3) a Cover Sheet for Additional Information, which accompanies a page-long "Argument for Granting Compassionate Release," id. at 15-17; (4) a letter from Defendant's Warden at FMC Devens dated July 3, 2025, with an accompanying document titled "FMC Devens Compassionate Release Notification Form" dated July 9, 2025, notifying Defendant that his administrative request for compassionate release had been denied, id. at 18-19.

The court directed the United States to respond to Defendant's Motion, and the United States filed a Response in Opposition to Defendant's Motion for Compassionate Release on November 20, 2025. ECF Nos. 43 (Order), 47 ("Response"). The United States denies that extraordinary and compelling reasons justify Defendant's release and argues that the 18 U.S.C. § 3553(a) sentencing factors weigh against a sentence reduction. See generally ECF No. 47. The Response was accompanied by several exhibits including (1) an Inmate Request for Compassionate Release Consideration form

4

prepared by Defendant on November 23, 2020, ECF No. 47-1; (2) a Letter from Defendant's Warden at FMC Devens dated December 18, 2020, with accompanying "FMC Devens Compassionate Release Notification Form," notifying Defendant that his 2020 Inmate Request for Compassionate Release was denied, ECF No. 47-2; (3) an Inmate Request for Compassionate Release Consideration form prepared by Defendant on May 22, 2025, ECF No. 47-3; and (4) a Letter from Defendant's Warden at FMC Devens dated July 3, 2025, and accompanying FMC Devens Compassionate Release Notification Form, notifying Defendant that his 2025 Inmate Request for Compassionate Release had been denied, ECF No. 47-4. The United States also moved for, and was granted, leave to file excerpts of Defendant's medical records under seal. ECF Nos. 48 (Motion to Seal), 49 (Sealed Medical Records), 50 (Sealing Order). The Sealed Medical Records submitted by the United States consist only of excerpts from Defendant's medical file between October 2023 and October 2025, as the United States claims the full file contains nearly four hundred (400) pages of records. ECF No. 49; see ECF No. 47 at 7 n.4.

Defendant filed a reply brief to the United States' Response on December 10, 2025, which maintains that Defendant should be released pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 51 ("Reply"). The Reply was not accompanied by any exhibits, medical

records, or other evidence. With briefing on Defendant's Motion completed by the parties, it is ripe for a ruling.[2]

## II. EXHAUSTION

Before a prisoner files a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), he must have first "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf," or waited for thirty (30) days to lapse "from the receipt of such a request by the warden of the [his] facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The prisoner may satisfy this exhaustion requirement by "wait[ing] 30 days from the date of their initial request to file a motion in the district court," even if the warden has already responded to their request. United States v. Muhammad, 16 F.4th 126, 131 (4th Cir. 2021). The requirement "is a non-jurisdictional claim-processing rule," and therefore "may be waived or forfeited." Id. at 130 (citation omitted).

---

[2] Defendant's Motion requests that counsel be appointed to assist him with his claim. ECF No. 42 at 2. It is well settled that there is no constitutional right to counsel in proceedings pursuant to 18 U.S.C. § 3582(c)(1)(A). United States v. Bueno, __ F. Supp. 3d __, 2026 WL 510744, at *4 (E.D. Va. 2026) (citing United States v. Fleming, 5 F.4th 189, 193 (2d Cir. 2021)). While this court has discretion to appoint counsel in "some exceptional cases," a motion for compassionate release generally does not fall within this category. Id. (citation omitted) (quoting United States v. Legree, 205 F.3d 724, 730 (4th Cir. 2000)). Here, Defendant has made no showing of exceptional circumstances, and Defendant's request for appointment of counsel is **DENIED**.

Here, Defendant submitted a request for compassionate release to his warden on May 22, 2025, over thirty (30) days before he filed the instant Motion. See ECF No. 47-3. The United States does not contest that Defendant has satisfied the threshold exhaustion requirement. See ECF No. 47 at 4. Accordingly, the court proceeds to the merits of Defendant's Motion.

### III. MERITS

Ordinarily, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), provides an "exception" to this rule. United States v. Centeno-Morales, 90 F.4th 274, 278 (4th Cir. 2024). Under that statute, the court may, "upon motion of the defendant . . . reduce the term of imprisonment." 18 U.S.C. § 3582(c)(1)(A).

Evaluating a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) is a "two-step analysis." Centeno-Morales, 90 F.4th at 279. "First, the court must determine that the prisoner is eligible for a sentence reduction because he has shown 'extraordinary and compelling reasons' for release." Id. (citation omitted). The prisoner bears the burden of demonstrating extraordinary and compelling reasons. United States v. Freeman, 617 F. Supp. 3d 386, 389 (E.D. Va. 2022) (Smith, J.). Second, the court must "evaluate the relevant § 3553(a) factors." Centeno-Morales, 90 F.4th at 279. The court may only grant the

7

prisoner's motion if those factors "favor release." <u>United States v. Malone</u>, 57 F.4th 167, 173 (4th Cir. 2023) (citing 18 U.S.C. § 3582). Additionally, the court may only reduce a prisoner's sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) if "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A); <u>see</u> <u>Concepcion v. United States</u>, 597 U.S. 481, 495 (2022) (stating that the compassionate release statute requires courts "to abide by the Sentencing Commission's policy statements").[3]

## A. Extraordinary and Compelling Reasons

Defendant's Motion asserts four (4) bases for a finding that extraordinary and compelling reasons warrant his release, all stemming from his claimed diagnoses of Parkinson's disease, major depressive disorder, polyneuropathy, and an enlarged prostate. <u>See generally</u> ECF No. 42. Defendant claims (1) that he is suffering from a serious medical condition or deterioration in health that "substantially diminishes" his ability to provide self-care within his correctional facility, and he is not expected to recover from his condition, <u>id.</u> at 4 (citing USSG § 1B1.13(b)(1)(B)); (2) that

---

[3] In November 2023, the United States Sentencing Commission issued a revised policy statement directing that district courts cannot reduce a prisoner's sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), unless the court first determined that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)[.]" USSG § 1B1.13(a)(2).

he is "suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which [he is] at risk of serious deterioration in health or death," id. at 5 (citing USSG § 1B1.13(b)(1)(C)); (3) that he is sixty-five (65) years old or older, has served at least ten (10) years or seventy-five percent (75%) of his sentence, whichever is less, and is experiencing a serious deterioration in health attributable to age, id. (citing USSG § 1B1.13(b)(2)); and (4) "[t]here is another circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described above, are similar in gravity to the reasons described above, id. (citing USSG § 1B1.13(b)(5)). For the reasons explained below, Defendant has failed to meet his burden of establishing extraordinary and compelling reasons under 18 U.S.C. § 3582(c)(1)(A).

   i. Serious Medical Condition and Diminished Capacity for Self-Care

Sentencing Guidelines Section 1B1.13(b)(1)(B) states that extraordinary and compelling reasons exist where:

(B) The defendant is—

    (i) suffering from a serious physical or medical condition,

    (ii) suffering from a serious functional or cognitive impairment, or

    (iii) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

USSG § 1B1.13(b)(1)(B). While the Sentencing Guidelines do not define "self-care," courts in this federal district and elsewhere do not find extraordinary and compelling reasons under § 1B1.13(b)(1)(B) absent a showing that the defendant exhibits a substantially diminished capacity for self-care while incarcerated, even if the defendant otherwise establishes a serious medical or physical diagnosis and declining health. See, e.g., United States v. Hart, No. 1:94-cr-423, 2024 WL 3974230, at *3-4 (E.D. Va. Aug. 28, 2024); United States v. Kindambu, No. 1:20-cr-260, 2023 WL 159767, at *3 (E.D. Va. Jan. 11, 2023); United States v. Vaughn, No. 7:10-cr-17, 2025 WL 84215, at *4 (W.D. Va. Jan. 13, 2025) (collecting cases); United States v. Lundy, No. 3:19-cr-14, 2025 WL 3678515, at *4-5 (E.D. Va. Dec. 18, 2025).

Here, Defendant states that he is suffering from "Advanced Stage Parkinson's Disease, Polyneuropathy, an enlarged prostate, as well as severe depression." ECF No. 42 at 17. The United States does not contest that Defendant is suffering from these conditions, ECF No. 47 at 6, and the court finds that the evidence in the record supports that Defendant is suffering from these conditions, see ECF Nos. 38 ¶¶ 60-64 (PSR), 42 at 18 (Letter from Warden), 49 (Sealed Medical Records). The United States also "assumes for

10

purposes of the present filing that [Defendant] has demonstrated at least one 'serious physical or medical condition'" for the purposes of USSG § 1B1.13(b)(1)(B)(i), ECF No. 47 at 6 n.6, and the court shall similarly proceed under the assumption that Defendant's Parkinson's Disease, Polyneuropathy, enlarged prostate, and severe depression together present "a serious physical or medical condition" from which Defendant "is not expected to recover," USSG § 1B1.13(b)(1)(B).

Defendant has not, however, shown a substantially diminished capacity for self-care. See id. In fact, Defendant's Proposed Release Plan explicitly states that he does not "require assistance with self-care such as bathing, walking, [or] toileting." ECF No. 42 at 11. Moreover, Defendant's Motion and Reply in support thereof fail to plead any basis, other than his diagnoses, for a finding that Defendant's capacity for self-care is substantially diminished. Nor is there a basis for such a finding in the medical records submitted by the United States or Defendant's exhibits to his Motion. Indeed, Defendant's Warden determined on July 3, 2025, that he "[does] not have a deteriorating medical condition that would diminish [his] ability to function within a correctional setting." Id. at 18. The Warden went on to say that Defendant also "reside[s] on an open housing unit," and that he is "independent with all activities of daily living." Id. Accordingly, Defendant

11

has failed to establish extraordinary and compelling reasons under USSG § 1B1.13(b)(1)(B).

ii. Inadequate Medical Care at FMC Devens

Sentencing Guidelines Section 1B1.13(b)(1)(C) states that extraordinary and compelling reasons exist where "[t]he defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." USSG § 1B1.13(b)(1)(C).

Defendant has not shown that his health conditions warrant relief, as the medical records submitted by the United States affirm that Defendant is receiving ongoing and adequate medical treatment at FMC Devens for his conditions. That treatment includes, but is not limited to, medication for his Parkinson's Disease, Polyneuropathy and other conditions, speech therapy, rehabilitation, and therapy sessions. See generally ECF No. 49. While Defendant relies on a Department of Justice Office of the Inspector General analysis to state that care at FMC Devens is inadequate on a general level, he has made no showing by example or evidence as to how he has received inadequate care, beyond a generalized statement that he has "experienced many of the issues brought forth in the OIG report." ECF No. 42 at 17. Certainly Defendant has not established how care for his conditions at FMC Devens is so inadequate as to risk his "serious deterioration in

12

health or death." USSG § 1B1.13(b)(1)(C). Indeed, Defendant's Warden noted on July 3, 2025, that Defendant's "medical conditions are treatable, and FMC Devens is able to manage [his] medical needs at this time." ECF No. 42 at 18. Finally, the medical records submitted by the United States reflects several instances where Defendant was offered care for his conditions, such as therapy sessions and immunochemical testing for blood in his stool, and that Defendant refused, no-showed, or failed to participate in treatment. ECF No. 49 at 4-9. Accordingly, Defendant has failed to establish extraordinary and compelling reasons under USSG § 1B1.13(b)(1)(C).

iii. Serious Deterioration in Health Attributable to Age

Defendant also argues that he is "experiencing a serious deterioration in physical or mental health because of the aging process." ECF No. 42 at 5 (citing USSG § 1B1.13(b)(2). Such a deterioration in health only presents extraordinary and compelling reasons if Defendant is "at least 65 years old" and has "served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." USSG § 1B1.13(b)(2). Here, Defendant is at least sixty-five years old, and he appears to have served seventy-five percent (75%) of his sentence.[4] Nevertheless,

---

[4] Defendant was sentenced on November 7, 2018, and ordered to self-report for his ten year term of imprisonment by December 28, 2018. ECF No. 36 at 2. Defendant will have served seventy-five percent (75%) of his sentence on or shortly after May 7, 2026.

Defendant has failed to establish that he is "experiencing a serious deterioration in physical or mental health because of the aging process," and he is therefore ineligible for compassionate release pursuant to USSG § 1B1.13(b)(2).

As a preliminary matter, Defendant was in poor physical and mental health when convicted and sentenced at the age of sixty (60). See ECF No. 38 at 15, 22-31. His Parkinson's Disease was already severe when sentenced, such that he experienced and exhibited ongoing severe medical symptoms associated with his disease. Id. Defendant also had a long history of chronic depression and substance abuse. Id. ¶ 62. At sentencing, Defendant received a below-guideline term of imprisonment for his offense, which was reflective of his age and poor health.[5] See ECF Nos. 33 at 7-8 (Defendant's Position with Respect to Sentencing Factors), 37 at 3 (Statement of Reasons); see also 18 U.S.C. § 3553(a)(2)(D).

Defendant's health issues are overall not new to the court,[6] and at this juncture, the court considers whether Defendant has shown that he is "experiencing a serious deterioration in physical or mental health" warranting his immediate release. USSG

---

[5] See infra Section III.B. Defendant's Motion claims new diagnoses of polyneuropathy and an enlarged prostate, with other ailments referenced elsewhere in the record. See ECF Nos. 42 at 17, 49 at 1. For the reasons, herein, these "new" diagnoses do not constitute extraordinary and compelling reasons for compassionate release.

[6] See supra note 5 and accompanying text.

14

§ 1B1.13(b)(2) (emphasis added). "[A]ssessing whether a defendant is experiencing a serious deterioration in physical or mental health due to the aging process is a fact-intensive analysis." United States v. Edwards, No. 4:11-cr-55, 2025 WL 2630439, at *6 (E.D. Va. Sept. 12, 2025) (Davis, C.J.) (citation omitted) (quoting United States v. Garcia, 758 F. Supp. 3d 47, 55 (E.D.N.Y. 2024)). Here, Defendant's conditions of Advanced Stage Parkinson's Disease, polyneuropathy, depression, and an enlarged prostate together present a serious medical condition, as previously discussed in this Opinion and Order.[7] Symptoms stemming from these diagnoses may well establish a serious deterioration in Defendant's health attributable to age, and the court considers Defendant's representation that he is a "Care Level 4 inmate." ECF No. 42 at 17.[8] Nevertheless, Defendant "does not point to any evidence in the record or provide any medical records that support the finding of a serious deterioration in Defendant's physical or mental health." Edwards, 2025 WL 2630439, at *6 (emphasis added). Without such records to guide the court's factual inquiry, and

---

[7] See supra Section III.A.i.

[8] Inmates at Care Level 4 "require services available only at a BOP Medical Referral Center (MRC), which provides significantly enhanced medical services and limited inpatient care." Bureau of Prisons, Care Level Classification for Medical and Mental Health Conditions or Disabilities at 3 (2019), https://www.bop.gov/resources/pdfs/care_level_classification_guide.pdf. Care Level 4 inmates' "[f]unctioning may may be so severely impaired as to require 24-hour skilled nursing care or nursing assistance." Id.

without confirmation of Defendant's symptoms or his Care Level 4 status, "it would be inappropriate for this Court to conclude that these unsupported assertions by Defendant are, by themselves, a sufficient basis for finding extraordinary and compelling circumstances." Id. (citations omitted).

The court does consider all the medical records submitted by the United States. See ECF No. 49. These records do not support a finding that Defendant is "experiencing a serious deterioration in physical or mental health because of the aging process." USSG § 1B1.13(b)(2) (emphasis added). Careful review of these records only confirms that Defendant is currently undergoing care for his Parkinson's Disease, polyneuropathy, depression, and other ailments. See ECF No. 49. Again, the court acknowledges that Defendant has serious diagnoses, but the record also reflects that Defendant does not "require durable medical equipment" such as a wheelchair, walker or hospital bed, does not "require assistance with self-care," and does not "require assisted living." ECF No. 42 at 10-11. Furthermore, Defendant's Warden stated in July 2025 that Defendant "[does] not have a deteriorating medical condition that would diminish [his] ability to function within a correctional setting," that he "reside[s] on an open housing unit," and is "independent with all activities of daily living." Id. at 18. In short, Defendant simply has not submitted sufficient evidence for the court to determine that he is "experiencing a serious

deterioration in physical or mental health because of the aging process," and the limited evidence within the record undercuts such a finding. USSG § 1B1.13(b)(2) (emphasis added); see Freeman, 617 F. Supp. 3d at 389 (stating that the defendant "bears the burden" of establishing extraordinary and compelling reasons).

### iv. Other Extraordinary and Compelling Reasons

Defendant claims that extraordinary and compelling reasons exist under the "catchall" provision of USSG § 1B1.13(b)(5), ECF No. 42 at 5, but he has not pleaded "any other circumstance or combination of circumstances" that, considered by themselves or in combination with his medical conditions, present extraordinary and compelling reasons, USSG § 1B1.13(b)(5). Accordingly, Defendant is ineligible for relief under USSG § 1B1.13(b)(5).

### B. Sentencing Factors

Defendant has not established extraordinary and compelling reasons under 18 U.S.C. § 3582(c)(1)(A), but the court will briefly address why the 18 U.S.C. § 3553(a) sentencing factors do not "favor release." Malone, 57 F.4th at 173.

The "nature and circumstances" of Defendant's offense conduct are extremely serious. 18 U.S.C. § 3553(a)(1). Defendant downloaded from the internet and possessed substantial quantities of CSAM, such that he was attributed five thousand seven hundred and seventy-five (5,775) images of CSAM at sentencing, pursuant to USSG § 2G2.2(b)(7)(D). ECF Nos. 37 at 1 (Statement of Reasons),

17

38 ¶¶ 12, 14, 28. Much of the CSAM was of an extreme nature, including depictions of children being forced into sexual intercourse and sadomasochistic activity with adults. ECF Nos. 23 ¶ 13, 38 ¶ 13. Furthermore, Defendant employed complex computer software to cloak his internet activity and elude law enforcement in downloading the CSAM. Id. ¶ 14. These facts weigh heavily against a sentence reduction, as "children featured in child pornography are harmed by the continuing dissemination and possession of that pornography." United States v. Burgess, 684 F.3d 445, 459 (4th Cir. 2012). "Such harm is 'concrete and devastating,' as '[i]n a sense, every viewing of child pornography is a repetition of the victim's abuse.'" Bueno, __ F. Supp. 3d __, 2026 WL 510744, at *9 (quoting Paroline v. United States, 572 U.S. 434, 457 (2014)).

Given the seriousness of Defendant's offense, the court continues to conclude that his sentence of one hundred and twenty (120) months is "sufficient, but not greater than necessary" to achieve the purposes of sentencing. 18 U.S.C. § 3553(a). Defendant's total offense level of thirty-four (34) and criminal history category of I correspond to a sentencing guideline range of one hundred and fifty-one to one hundred and eighty-eight (151-188) months, so Defendant's one hundred and twenty (120) month sentence is already substantially below the guidelines. See ECF No. 38 at 18; see also 18 U.S.C. § 3553(a)(3). Given the very

real harm to children caused by possession and distribution of child pornography, a further reduction would fail "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment." 18 U.S.C. § 3553(a)(2)(A). Moreover, given Defendant's below-guideline sentence, a reduction would risk "unwarranted sentence disparities." Id. § 3553(a)(6). Finally, Defendant's term of imprisonment is no greater than necessary "to afford adequate deterrence to criminal conduct." Id. § 3553(a)(2)(B).

Defendant's history and characteristics do not favor compassionate release. See id. § 3553(a)(1). The court considers the fact that this criminal matter concerns Defendant's first and only felony conviction, ECF No. 51 at 3-4, but the court is also cognizant of the fact that Defendant possessed and traded large quantities of child pornography over the course of almost four (4) years, see ECF No. 38 ¶ 14. This continuous behavior over several years offsets any leniency to be accorded a first-time felon.

Turning to the court's duty "to protect the public from further crimes of the defendant," id. § 3553(a)(2)(C), the court is deeply troubled by Defendant's use of anti-forensic software to conceal his receipt of CSAM, see ECF No. 38 ¶ 14. It appears to the court that Defendant knew his receipt and possession of CSAM was unlawful and reprehensible, but that Defendant chose to download the CSAM anyway and to use sophisticated measures to elude

19

detection. This fact weighs heavily against a sentence reduction, as it signals that Defendant may again choose to commit crimes, including sex crimes against children, and that he may use sophisticated methods to conceal those crimes. The court does consider Defendant's unsubstantiated assertion that he "present[s] no risk of recidivism," but this statement alone, without other evidence of rehabilitation, is insufficient to mitigate the court's concern. ECF No. 42 at 17. Furthermore, to the extent Defendant argues he presents a low risk of recidivism because of his "advanced age" and "health issues," the court deems these facts adequately accounted for in Defendant's already-below-guideline sentence. See ECF No. 51 at 3-5. Moreover, Defendant was already sixty (60) years old and in poor health when he downloaded and possessed CSAM, which indicates his age and health issues will not prevent recidivism. See ECF No. 38 ¶¶ 60-64.[9] Accordingly, the court's duty to "protect the public" weighs against a sentence reduction. 18 U.S.C. § 3553(a)(2)(C).

The court turns lastly to "the need for the sentence imposed . . . to provide the defendant with . . . medical care, or other correctional treatment." Id. § 3553(a)(2)(D). For the reasons explained previously in this Opinion and Order, it appears that

---

[9] See supra Section III.A.iii.

20

Defendant is receiving adequate medical care at FMC Devens.[10] To the extent Defendant claims he should be released because he is unable to participate in "the residential sex-offender treatment program offered at FMC Devens," this fact is without support in the record. ECF No. 51 at 5. Moreover, given Defendant's failure to fully participate in medical treatments and therapy when available at FMC Devens, the court is unassured that Defendant has diligently pursued sex-offender treatment. See ECF No. 49 at 4, 5, 6-8, 10. Accordingly, Defendant's treatment needs do not weigh in favor of a sentence reduction. See 18 U.S.C. § 3553(a)(2)(D).[11]

### IV. CONCLUSION

Defendant has not presented "extraordinary and compelling reasons" for his release, and the 18 U.S.C. § 3553(a) factors do not favor a sentence reduction.[12] Accordingly, Defendant's Motion for Compassionate Release, ECF No. 42, is **DENIED.**

---

[10] See supra Section III.A.ii.

[11] Because Defendant has not demonstrated extraordinary and compelling reasons, and because the 18 U.S.C. § 3553(a) sentencing factors weigh heavily against a reduced sentence, the court does not proceed to determine that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)[.]" USSG § 1B1.13(a)(2); see supra note 3 and accompanying text.

[12] The court notes that Defendant has a short amount of time remaining before his anticipated release on June 23, 2027, see Bureau of Prisons, Find an Inmate, https://www.bop.gov/inmateloc/, but that is not a reason to justify granting a Motion for Compassionate Release.

The Clerk is **DIRECTED** to forward a copy of this Opinion and Order to Defendant, the United States Attorney at Norfolk, and the Bureau of Prisons.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
Senior United States District Judge

REBECCA BEACH SMITH
SENIOR UNITED STATES DISTRICT JUDGE

May  22 , 2026

22